[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10875
Non-Argument Calendar
_____

D.C. Docket No. 2:96-cr-14040-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 11, 2017)

Before JULIE CARNES, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Johnny L. Johnson appeals the revocation of his supervised release and the district court's imposition of a 51-month sentence.  On appeal, Johnson argues that the district court erred by failing to compel the government to reveal and produce a confidential informant for examination.  Johnson further argues that his sentence was procedurally unreasonable because the district court miscalculated his guideline range by determining the class of his original offense based on the law at the time of his original sentencing rather than at the time of the revocation of his supervised release.  Johnson also argues that his sentence was substantively unreasonable because the district court failed to account for the changes in the law over time since his original sentencing.

## I.

We review a district court's ruling that the government need not disclose the identity of a confidential informant for abuse of discretion.  *United States v. Flores*, 572 F.3d 1254, 1265 (11th Cir. 2009).

The government's privilege to withhold the identity of a confidential informant is limited.  *Id.*  Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.  *Id.*  We have held that this inquiry principally involves consideration of three factors: (1) the extent of the informant's participation in the criminal activity;

(2) the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant; and (3) the government's interest in nondisclosure.  *Id.*  The government's interest may be proven by showing that disclosure might endanger the informant or other investigations.  *Id.*  The burden is on the appellant to show that the informant's testimony would significantly aid in establishing an asserted defense.  *United States v. Gutierrez*, 931 F.2d 1482, 1491 (11th Cir. 1991).  Mere conjecture about the possible relevance of the testimony is insufficient to compel disclosure.  *Id.*

In *Roviaro*, the Supreme Court explained that "once the identity of an informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable."  *Roviaro v. United States*, 353 U.S. 53, 60 (1957).  We clarified that the statement must not be read out of context, and that the scope of the privilege was governed by its underlying purpose of recognizing the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement, and preserving their anonymity encourages them to perform that obligation.  *See United States v. Tenorio-Angel*, 756 F.2d 1505, 1510 (11th Cir. 1985).  We concluded that the privilege was still applicable where the confidential informant told the defendant his name.  *Id.*  We further noted that the "*Roviaro* Court did not intend for the existence of the

3

government's privilege to depend upon the fortuity of whether or not the confidential informant introduced himself or herself to the defendant." *Id.*

The district court did not abuse its discretion by declining to require the government produce the confidential informant. Johnson failed to demonstrate that the confidential informant's testimony would significantly aid in establishing an asserted defense. Johnson's assertions that the initial search may have been insufficient and the confidential informant may have produced the cocaine are speculative, and speculation is insufficient to compel disclosure. *Gutierrez*, 931 F.2d at 1491. Lastly, the brief visibility of the informant in a produced video did not waive the government's privilege.

## II.

We review for reasonableness the sentence imposed by the district court upon the revocation of supervised release. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). When reviewing reasonableness, we apply a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007).

The guideline range for a sentence imposed after a violation of supervised release is based on the grade of the violation, the defendant's criminal history at the time of his original sentencing, and the class of his original offense. U.S.S.G. § 7B1.4(a). Violation of a federal, state, or local offense punishable by a term of

4

imprisonment exceeding one year that is a controlled substance offense constitutes a grade A violation. *Id.* § 7B1.1(a)(1). A felony for which the authorized term of imprisonment is life is a class A felony. 18 U.S.C. § 3559(a)(1). A felony for which the authorized term of imprisonment is 25 years or more is a class B felony. *Id.* § 3559(a)(2). A grade A violation of supervised release imposed pursuant to a class A felony with a criminal history category of VI results in a guideline range of 51 to 63 months' imprisonment. U.S.S.G. § 7B1.4(a). A grade A violation of supervised release imposed pursuant to a class B felony with a criminal history category of VI results in a guideline range of 33 to 41 months' imprisonment. *Id.*

The Fair Sentencing Act of 2010 raised the amount of cocaine base required to qualify for a maximum sentence of life imprisonment from 50 grams to 280 grams. *See* Fair Sentencing Act of 2010, PL 111-220, August 3, 2010. Prior to the Fair Sentencing Act, possession with intent to distribute 50 grams of cocaine base was punishable by a term of imprisonment not less than 10 years and not more than life. 21 U.S.C. § 841(b)(1)(A)(iii) (1997). After the passage of the Fair Sentencing Act, possession with intent to distribute 280 grams or more of cocaine base is punishable by a term of imprisonment not less than 10 years and not more than life. 21 U.S.C. § 841(b)(1)(A)(iii). Possession with intent to distribute 28 grams or more of cocaine base is punishable by a term of imprisonment not less than 5 years and no more than 40 years. 21 U.S.C. § 841(b)(1)(B)(iii).

Post-supervised release revocation penalties relate back to the original offense. *See Johnson v. United States*, 529 U.S. 694, 701 (2000). We have concluded that the Fair Sentencing Act does not apply to defendants who had been sentenced prior to the enactment of the Act. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).

Pursuant to § 3583(e), upon finding that the defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering the specific factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(3). A district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 597. A lengthy explanation is not necessarily required when a judge simply applies the Guidelines. *Rita v. United States*, 551 U.S. 338, 356 (2007). The district court does not need to explicitly mention that it considered § 3553(a) factors, as long as the record shows that it did consider the factors. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007). Thus, so long as the district court "listen[s] to the evidence and arguments and [is] aware of the various factors [a] defendant put forward for a lesser sentence," it does not commit procedural error by failing to give a detailed explanation of the sentence. *United States v. Irey*, 612 F.3d 1160, 1194-95 (11th Cir. 2010) (*en banc*).

The party who challenges the sentence bears the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). A court can abuse its discretion when it: (1) fails to consider relevant factors that were due significant weight; (2) gives an improper or irrelevant factor significant weight; or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Irey*, 612 F.3d at 1189. Absent clear error, we will not reweigh the § 3553(a) factors. *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009).

Here, the district court committed no procedural error and properly calculated Johnson's guideline range. Penalties for supervised-release revocation relate back to the original offense, and the Fair Sentencing Act does not apply retroactively. Additionally, Johnson's sentence was not substantively unreasonable. Johnson was originally convicted for possessing cocaine base with intent to distribute, and his revocation stemmed from again distributing controlled substances. Johnson's arguments are aimed at having us reweigh the § 3553(a) factors, which is something we will not do absent clear error. *Langston*, 590 F.3d at 1237.

Upon review of the entire record on appeal, and after consideration of the parties' briefs, we affirm.

**AFFIRMED.**